TYLER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-389-CR

DYRON TYLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Dyron Tyler appeals his conviction and sixteen-year sentence for unlawful possession of a firearm by a felon.  In his sole point, appellant contends that the trial court abused its discretion by failing to grant a mistrial after sustaining his objection to the prosecutor’s jury argument.  Appellant contends that the prosecutor struck at him over the shoulder of appellant’s counsel.  We affirm.

II. Background Facts

On February 16, 2005, between 1:30 and 2:00 a.m., Michael Sparks drove to a Taco Bell restaurant in Arlington, Texas and parked his car in the parking lot.  Sparks then got out of his car, leaving the driver’s side window down and a “Pit Bull” model .45 caliber semi-automatic pistol
(footnote: 2) in the car, and attempted to go inside the restaurant.  When he realized that the restaurant doors were locked, Sparks walked back to his car and saw a black man (appellant) getting inside a black Nissan Sentra.  When he got into his car, Sparks noticed that the pistol was gone and saw the Nissan Sentra driving out of the parking lot at a “decently fast” speed.  Sparks estimated that he had been out of his car for only twenty to thirty seconds.

Sparks then followed appellant’s car and called 911 to report that someone had stolen the pistol from his car.  However, Sparks lost sight of appellant’s car when Sparks had to stop for a red light.  After a police officer received the police dispatcher’s information, including the color, make, and model of the car and the license plate number, he pulled appellant’s car over and noted that appellant was the only person in the car.  The police officer looked in appellant’s car and found a pistol that matched Sparks’s description underneath the driver’s seat.

On September 27, 2005, after a jury found appellant guilty of unlawful possession of a firearm and appellant pled true to the repeat offender notice, the jury assessed his punishment at sixteen years’ in the Institutional Division of the Texas Department of Criminal Justice.

III.  Standard of Review

Appellant argues that the trial court erred by failing to grant his motion for mistrial because the prosecutor made an improper jury argument in the State’s closing argument during the guilt-innocence phase of trial.  Appellant contends that the prosecutor struck at him over his attorney’s shoulders
 and that the argument affected his substantial rights.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.  
Id.; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Hawkins,
 135 S.W.3d at 77; 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).

IV.  Applicable Facts

During closing arguments the prosecutor stated:

On page 2 of this charge, this is what y’all need to focus on, on or about the 16th day of February, 2005, both of my witnesses testified the occurrences on this case happened February 16th 2005.  Tarrant County, Texas, both of them said all the events happened in Tarrant County Texas.  That that man, Officer Sandoval said that from the description of the car, the license plate, the direction of travel, and the fact that a red Mustang was following that car, waving him on, and he pulled it over, and that man was driving the car, the only occupant in that vehicle.  He did possess a firearm because, you know,
 Mr. Castanon is doing the best he can with the case he has.
 [
Emphasis added.]

V. Analysis

After the prosecutor’s statement, a
ppellant’s attorney objected to the statement as “striking at defendant over counsel’s shoulder,” and the trial court sustained the objection.  Appellant’s attorney then asked the trial court to instruct the jury to disregard the statement.  The trial judge denied the request, and appellant’s attorney moved for a mistrial.  The trial judge then gave the jury an instruction to disregard the prosecutor’s statement and denied appellant’s motion for mistrial.

Appellant argues that the prosecutor’s comments suggested that the defense attorney was doing the best that he could with a “deficient defense.” The State contends that the prosecutor’s comments did not constitute striking at appellant over his attorney’s shoulder despite the fact that the trial court sustained appellant’s objection, and alternatively, that the comment was a proper response to appellant’s attorney’s argument.

It is difficult to articulate a precise rule to determine when a prosecutor is striking over the defense counsel’s shoulder and when he is making a proper jury argument. 
Phillips v. State
, 130 S.W.3d 343, 356 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d) (op. on reh’g).  However, a prosecutor risks improperly striking at a defendant over the shoulder of counsel when the argument refers to defense counsel personally and when the argument explicitly impugns defense counsel's character. 
 Mosley
, 983 S.W.2d at 259; 
Guy v. State
, 160 S.W.3d 606, 617 (Tex. App.—Fort Worth 2005, pet. ref’d).  When evaluating an alleged improper argument, an appellate court views the statement in the context of the entire argument.
 Mosley, 
983 S.W.2d at 259.   The court of criminal appeals has held that the “over-the-shoulder” rule  is designed to protect the defendant from improper prosecutorial character attacks directed at defense counsel.  
Coble v. State
, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993), 
cert. denied
, 513 U.S. 829 (1994).  The trial court determined that the specific kind of character attacks envisioned during the fashioning of the rule were those which leveled unsubstantiated accusations of improper conduct at defense counsel.  
Id.
 

After reviewing the record, we hold that the prosecutor’s comment focused primarily on summarizing the evidence presented at trial.  The prosecutor recited the evidence in an effort to refute opposing counsel’s assertion that the State’s evidence amounted to a mere inference and failed to meet the reasonable doubt standard.  We hold that the prosecutor’s comment was directed at appellant’s attorney’s argument and the basis for his defense and was not directed at appellant’s attorney specifically.  We conclude that the prosecutor did not engage in improper jury argument, and therefore, the trial court did not abuse its discretion by denying appellant’s motion for mistrial. 

Further, assuming for argument’s sake that the prosecutor’s statement was an improper jury argument, the trial court did not abuse its discretion by denying appellant’s motion for mistrial.  After reviewing the record, we determine that the prosecutor’s statement did not have a prejudicial effect on the outcome of the trial and that appellant would have been convicted had the prosecutor not made the statement.  

Additionally, the trial court instructed the jury to disregard the prosecutor’s statement.  Instructions to disregard are generally held to be sufficient to cure the prejudicial effect of improper argument. 
 Quinton v. State
, 56 S.W.3d 633, 640 (Tex. App.—Waco 2001, pet. ref’d).  The trial court’s instruction in this case was sufficient to cure the prejudicial effect of the argument because the trial court instructed the jury to disregard the prosecutor’s statement immediately after the statement was made.  Having determined that the prosecutor’s statement was not an improper jury argument and that the trial court did not abuse its discretion by denying appellant’s motion for mistrial, we overrule appellant’s sole point.

V. Conclusion
 

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 25, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Sparks was licensed to carry a handgun and stated that he would leave the pistol in his car and would wedge it in between the driver’s seat and the console or would leave it on the seat and would cover it when he got out of the car.